UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOSE C., | Case No. 26-CV-0933 (PJS/DLM) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; | |
| Respondents. | |

---

M. Boulette, BOULETTE LAW, for petitioner.

Ana H. Voss and Friedrich A. P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Jose C.'s petition for a writ of habeas corpus.[1]  Jose, a citizen of Mexico, entered the United States without inspection in 2023. V. Pet. ¶ 13.  Jose has no criminal record and is not subject to a final removal order.  *Id.* ¶¶ 14, 16.  On February 1, 2026, Immigration and Customs Enforcement ("ICE")

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

nevertheless pushed Jose to the ground as he was walking home and arrested him without a warrant. *Id.* ¶ 17. Jose is currently detained in an unknown facility. *Id.* ¶ 20.

Respondents take the position that Jose is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Jose filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

While respondents' argument to the contrary has some has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Jose, who entered without inspection and are already present and living in the

United States.[2]  The Court therefore holds that Jose is not subject to mandatory detention under § 1225(b)(2).

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  Jose alleged in his petition that his arrest was warrantless, *e.g.*, V. Pet. ¶¶ 17, 36, 59, and respondents impliedly agree.  ECF No. 6 at 11–12.  Respondents have not persuasively argued or presented evidence establishing that Jose's continued detention is lawful despite his warrantless arrest.  *Id.*; *see also* ECF No. 3 ¶¶ 2(e), 2(a) (ordering respondents to address "[w]hether the absence of a warrant preceding Jose's arrest necessitates his immediate release" and to include "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition").  The Court will therefore grant Jose's petition and order his release.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See* ECF No. 6 at 3.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

4. If petitioner has been removed from Minnesota, respondents are ORDERED to immediately return petitioner to Minnesota.

5. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 6, 2026                    /s/ Patrick J. Schiltz
                                           Patrick J. Schiltz, Chief Judge
                                           United States District Court